RILEY SMYTHE, ALSO KNOWN AS RILEY SMITH, V. STATE OF NEBRASKA.

FILED JANUARY 12, 1933. No. 28421.

*N. H. Mapes,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Eberly, Day and Paine, JJ.

Rose, J.

In a prosecution by the state in the district court for Dodge county, Riley Smythe, also known as Riley Smith, defendant, was convicted of assault with intent to rob, and for that felony was sentenced to serve a term of ten years in the penitentiary. As plaintiff in error defendant presents for review the record of his conviction.

The only assignment of error calling for attention in an opinion challenges the trial of defendant as erroneous in absence of counsel. The right to a defense in a prosecution for a felony includes the right of accused to be represented by an attorney, but defendant refused offers therefor and conducted his own defense without counsel from the beginning of the trial until the jury rendered a verdict of guilty. The right to have an attorney was granted by statute and it was the duty of the trial court to appoint one for defendant at public expense, if he was unable to procure one of his own choosing. Comp. St. 1929, sec. 29-1803, as amended by Laws 1931, ch. 65, sec. 6. The right to a trial is a fundamental one, but accused may waive it and plead guilty. He may likewise waive the right to counsel, if competent to do so. At the arraignment defendant rejected an offer of the trial court to provide counsel and the offer was repeated and rejected at the beginning of the trial. The record does not show that defendant, before and at the trial, was unable to select and procure the services of an attorney. It is well-settled law that the trial may proceed in ab-

sence of counsel for a mentally competent defendant who declined the court's offer therefor. It was not a peremptory duty of the court to force counsel upon him against his will. 16 C. J. 823. The evidence shows he was competent to refuse the aid of counsel when offered. The law does not permit accused to prevent the appointment of counsel for him, conduct his own defense to a verdict of guilty and procure a second trial on the ground that the court did not force counsel upon him. *Powell v. State of Alabama*, 287 U. S. 45, was cited but is not in point. The record fails to show that defendant did not have time to prepare for trial after available counsel had been refused. He exercised the right of cross-examination, challenged his identification as the guilty person, relied on the failure of the state to prove his guilt and was an advocate in his own behalf. The evidence is sufficient to sustain the conviction. A miscarriage of justice is not shown. Reversible error has not been found.

AFFIRMED.